UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH RAY BILBO, II**  DOC # 355823 | : | **DOCKET NO. 17-cv-706**  **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner, Kenneth Ray Bilbo, II ("Bilbo"). Bilbo is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

On September 18, 2009, following a jury trial in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, Bilbo was found guilty of second degree murder. *See State v. Bilbo*, No. 10-KA-518, 2010 WL 2676276, at *1 (La. Ct. App. 3d Cir. Jun. 28, 2010) (Appellate Brief—State of Louisiana). Bilbo filed a motion for new trial on September 24, 2009, which was denied on November 4, 2009. *See State v. Bilbo*, No. 10-518, 2010 WL 2256641, at *5 (La. Ct. App. 3d Cir. May 24, 2010) (Appellate Brief—Bilbo). On November 6, 2009, the court imposed a life sentence without the benefit of probation, parole, or suspension or sentence. *Id.* On November 16, 2009, Bilbo filed a motion for appeal. *Id.* Bilbo's appellate

brief, filed in the Third Circuit via counsel on May 24, 2010, raised a single assignment of error: that the evidence was not sufficient to convict him of the charge of Second Degree murder, nor any other verdict responsive thereto. *Id.* at *4. On December 8, 2010, the Third Circuit affirmed Bilbo's conviction and sentence, denying his claim on the merits. *State v. Bilbo*, No. 10-518, 55 So.3d 1043 (La. Ct. App. 3d Cir. 2010); *see State v. Bilbo*, No. 10-518, 2010 WL 5027174 (La. Ct. App. 3d Cir. Dec. 8, 2010) (unpublished opinion). Bilbo states that he filed an untimely motion for rehearing on January 10, 2011, which was denied by the Third Circuit. Doc. 1, att. 2, p. 2. He does not state the date that he sought further review with the Louisiana Supreme Court. Doc. 1, p. 2. However, the Louisiana Supreme Court denied his writ of certiorari and/or review in a one-word opinion on September 23, 2011. *State v. Bilbo*, 69 So.3d 1155 (La. 2011). Bilbo did not seek further review in the United States Supreme Court. Doc. 1, p. 3.

Bilbo states that he filed an application for post-conviction relief ("PCR") in the Fourteenth Judicial District Court on December 28, 2011. Doc. 1, att. 2, p. 2. He claims that he filed a supplement to the pending PCR on September 3, 2013. *Id.* He contends that the trial court did not rule on his PCR, necessitating his May 5, 2014, filing for a writ of mandamus in the Third Circuit. *Id.* at 2–3. Bilbo states that the Third Circuit granted the mandamus on October 29, 2014, ordering the trial court to rule on his PCR. *Id.* at 3. He claims that the Fourteenth Judicial District denied his PCR on November 20, 2014, but that he did not receive a certified copy of the document until January 6 or 9, 2015. *Id.* He further contends that on January 12, 2015, he filed a timely notice of intent to seek writs, which was denied on January 27, 2015. *Id.* He states that he received and signed for the denial on February 9, 2015. *Id.*

Bilbo states that the Third Circuit denied his application for a writ of review on November 5, 2015. *Id.* The Louisiana Supreme Court denied his writ application on April 7, 2017, but he claims that he did not receive the denial until April 10, 2017. The opinion by the Louisiana Supreme Court states that Bilbo failed to show that he received ineffective assistance of counsel and that he also failed to carry his burden

of proof post-conviction with regard to his claim that the district court erred in handling the jurors' requests during deliberations. *State ex rel. Bilbo v. State*, No. 2015-KH-2177 (La. 2017); doc. 1, att. 3, p. 5–7. The opinion also states that he fully litigated his application for post-conviction relief in state court. *Id.* at 6. The opinion lists the Third Circuit case number as No. 15-KH-651. *Id.* at 5.

Bilbo filed the instant application for writ of *habeas corpus* on May 30, 2017. Herein, he alleges that the evidence was insufficient to support that a murder took place on the night that he was seen with the victim and that another suspect confessed to the crime. Doc. 1, p. 5. He also claims that his counsel was ineffective prior to and during trial in that counsel did not allow him to testify on his own behalf. Doc. 1, att. 2, pp. 9–10. In his "supplemental claim one" he argues that his Sixth and Fourteenth Amendment rights to due process and a fair trial were violated when the trial judge refused to allow the jury to review witness statement and testimony regarding manslaughter. *Id.* at 14. In his "supplemental claim two" Bilbo maintains that his trial counsel was ineffective in failing to charge the jury on the lesser offense of manslaughter. *Id.* at 15.

## II.
### LEGAL STANDARDS

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1); and whether any of the claims raised are subject to the procedural default doctrine.

*A. Exhaustion*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion

requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### B. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent

and adequate ground for the dismissal ("traditional" procedural default)[1] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking

---

[1] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

## III.
### AMEND ORDER

Based on the pleadings filed by Bilbo, the court cannot determine whether the petition should survive initial review.

Therefore,

Bilbo is **ORDERED** to amend his petition within forty (40) days of this order and provide the followings:

1. A **DATED** copy of his appeal to the Third Circuit on direct appeal review; in the event that Bilbo is unable to provide a **DATED** copy of the appeal, he should provide such other proof as is available to establish the date of filing;

2. A **DATED** copy of the Third Circuit's denial of his direct appeal;

3. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on direct review; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

4. A **DATED** copy of the application for post-conviction relief filed in the Fourteenth Judicial District Court; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

5. A **DATED** copy of the Fourteenth Judicial District Court's denial of his application for post-conviction relief;

6. A **DATED** copy of his application to the Third Circuit on post-conviction review; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

7. A **DATED** copy of the Third Circuit's denial of his application for post-conviction relief;

8. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on post-conviction; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

9. A **DATED** copy of the Louisiana Supreme Court's denial of his writ(s) on post-conviction; and,

10. Any other documentation that he claims establishes that the instant *habeas corpus* petition should survive initial review.

**IT IS FURTHER ORDERED** that with respect to **ANY** claims which were denied on the basis of a procedural default, Bilbo should submit a response demonstrating that federal *habeas* review of any such claims is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in his case.

Bilbo may attach any and all documentation which he chooses to his response.

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE